UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


In re: Request from Spain
Pursuant to the Treaty Between
the United States of America and
the Kingdom of Spain on Mutual          Civil No. 06-mc-31-JD
Legal Assistance in Criminal Matters
Regarding Artoun Ramian


SEALED PROCEDURAL ORDER


    On May 30, 2006, Assistant United States Attorney Peter

Papps filed an "Application for an Order Pursuant to the Treaty

on Mutual Assistance in Criminal Matters and Title 28 United

States Code, Section 1782," asking the court to appoint him "as

Commissioner to obtain evidence from witnesses within the

jurisdiction of this Court and to take such other action as is

required to execute the attached request from Spain made pursuant

to the Treaty."  In re:  Artoun Ramian, Civil No. 06-mc-028-SM

(doc. no. 1).   An order issued on June 5, 2006, appointing Papps

commissioner, as requested.  Papps then issued a Commissioner's

Subpoena to Peter D. Anderson, at McLane, Graf, Raulerson &

Middleton, a law firm in Manchester, New Hampshire, commanding

Anderson to appear on June 23, 2006, at the United States

Attorney's office in Concord, New Hampshire, "to provide

testimony and documents regarding an alleged violation of:  The

laws of Spain . . . said to have been committed by Artoun Ramian,
and others."  Based on the "Petition for International Judicial
Cooperation" from the investigating court in Spain, the criminal
allegations against Ramian have been brought by Digital Clon,
S.I., New Age Utilities, S.L., and Mehdi Kashani.

Anderson filed a motion to quash the subpoena, which
initiated this proceeding.  The court ordered that no deposition
would take place until the motion to quash was ruled upon.
Anderson moves to quash the subpoena on the grounds of attorney-
client privilege and the New Hampshire Rules of Professional
Conduct pertaining to conflict of interest and confidentiality of
client information.  Rules 1.6 & 1.9.  Anderson also requested a
hearing on his motion.  Papps objected to the motion to quash,
and Anderson filed a reply.

### Discussion

The Commissioner's subpoena states that the Commissioner is
acting under the authority of the "Treaty between the United
States and the Kingdom of Spain on Mutual Assistance in Criminal
Matters, and Title 28, United States Code, Section 1782, for the
purpose of rendering assistance to Spain, . . . ."  Neither party
has provided a copy of the treaty on "Mutual Assistance in
Criminal Matters."  "Section 1782(a) provides that a federal

district court 'may order' a person 'resid[ing]' or 'found' in
the district to give testimony or produce documents 'for use in a
proceeding in a foreign or international tribunal . . . upon the
application of any interested person.'"  Intel Corp. v. Advanced
Micro Devices, Inc., 542 U.S. 241, 246 (2004).  However, under §
1782(a), "[a] person may not be compelled to give his testimony
or statement or to produce a document or other thing in violation
of any legally applicable privilege."

     In the absence of a copy of the treaty or any proof as to
its contents, the court cannot determine whether or to what
extent the asserted privileges may apply to preclude Anderson
from providing the requested information under the treaty.  See,
e.g., In re Commissioner's Subpoenas, 325 F.3d 1287, 1305–06
(11th Cir.2003).  In addition, even if the treaty recognized the
privileges Anderson asserts, the Professional Conduct rules cited
and the attorney–client privilege operate only in the context of
a lawyer's relationship with and representation of a client.  See
N.H. R. Prof. Conduct 1.6 & 1.9 (2005); In re Grand Jury
Proceedings, 417 F.3d 18, 21 (1st Cir. 2005) ("[T]he attorney-
client privilege . . . is a privilege of a client to refuse to
testify or to have his counsel testify as to confidential
communications between the two made in connection with the
rendering of legal representation."); United States v. Bisanti,

414 F.3d 168, 171 (1st Cir. 2005); <u>In re Grand Jury Subpoena</u>, 274

F.3d 563, 571 (1st Cir. 2001); <u>F.D.I.C. v. Ogden Corp.</u>, 202 F.3d

414, 461 (1st Cir. 2000).  As the party asserting a privilege, it

is Anderson's burden to show that the privilege applies.  <u>Mass.</u>

<u>Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.</u>, 412 F.3d 215,

225 (1st Cir. 2005); <u>Ogden Corp.</u>, 202 F.3d at 460.  Further,

courts "must take care to apply [the attorney-client privilege]

only to the extent necessary to achieve its underlying goals. . .

.  In other words, the attorney-client privilege must be narrowly

construed because it comes with substantial costs and stands as

an obstacle of sorts to the search for truth."   <u>In re Keeper of</u>

<u>Records (Grand Jury Subpoena Addressed to XYZ Corp.)</u>, 348 F.3d

16, 22 (1st Cir. 2003).

    Anderson provided no evidence in support of his motion to

quash to show a lawyer-client relationship with a person or an

entity that would support application of the Rules of

Professional Conduct or the attorney-client privilege to avoid

the obligations of the subpoena.  After Commissioner Papps

challenged his motion, Anderson provided an affidavit in support

of his reply memorandum in which he stated that in the fall of

2000 he was asked by Artoun Ramian and Mehdi Kashani "to render

legal advice to certain businesses contemplated by Mr. Ramian and

Mr. Kashani."  Reply Aff. ¶ 3.  Anderson also stated that he had

previously represented Ramian in a divorce proceeding.  Anderson
gave his opinion that all of the questions posed in
interrogatories from the prosecutor in Spain, submitted with the
subpoena, required answers that would violate New Hampshire Rules
of Professional Conduct 1.6 and 1.9.  He further stated that
answers to certain questions would violate the attorney-client
privilege.

Anderson stated in his second affidavit that he was asked by
Ramian and Kashani to give legal advice and suggests that he gave
advice on tax planning and on establishing a business.  The
affidavit also suggests that the advice he gave to Ramian and
Kashani was in their capacities as principals of certain
corporations, not as individuals.  Anderson provides no further
information as to the nature of his relationship with Ramian and
Kashani or as to their current status vis a vis the corporate
entities.  See In re Grand Jury Subpoena, 274 F.3d at 571-72.

Although Anderson included a request for a hearing in his
motion, he failed to comply with the requirements of Local Rule
7.1(d).  In his reply, Anderson indicated that he hoped to use a
hearing to remedy the deficiencies in his motion.  That is not a
proper use of the court's time and resources.

Instead, Anderson shall file a supplemental memorandum in
support of his motion to quash that addresses the issues raised

in this order and, if appropriate, establishes the application of privilege or the professional conduct rules to avoid the subpoena with respect to specific questions.  He may file affidavits or other evidentiary materials under seal and for in camera review, if that is necessary and appropriate.  Commissioner Papps shall have an opportunity to respond.  If Anderson believes that a hearing is also necessary, in addition to a supplemental memorandum, he shall file a motion in compliance with Local Rule 7.1(d).


## Conclusion

For the foregoing reasons, Peter Anderson shall file a supplemental memorandum and, if necessary, a motion for a hearing, **on or before September 8, 2006**.  Commissioner Papps will have **twenty days** to file a response.

SO ORDERED.


Joseph A. DiClerico, Jr.
United States District Judge

August 17, 2006

cc:  Thomas J. Donovan, Esquire
     Donald A. Feith, Esquire
     Peter E. Papps, Esquire