UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


In re:  Request from Spain
Pursuant to the Treaty Between
the United States of America and         Civil No. 06-mc-31-JD
the Kingdom of Spain on Mutual
Legal Assistance in Criminal Matters
Regarding Artoun Ramian


SEALED ORDER

   Attorney Peter Anderson moves to quash the Commissioner's Subpoena issued pursuant to the Treaty Between the United States of America and the Kingdom of Spain on Mutual Legal Assistance in Criminal Matters.  Through the subpoena, Commissioner Papps seeks answers to a set of interrogatories submitted by a Spanish Procurator on behalf of New Age Utilities, S.A., New Age Utilities, S.L., Digital Clone, S.L., and Mehdi Kashani and a second set of interrogatories submitted by a different Spanish Procurator on behalf of Artoun Ramian.  Anderson moves to quash the subpoena on the grounds that his answers are barred by the attorney-client privilege and New Hampshire Rules of Professional Conduct.

   In response to the court's procedural order, Anderson filed a supplemental brief with an additional affidavit, submitted in camera.  Anderson also moves for an in camera hearing on his

motion to quash the subpoena.  The Commissioner, represented by the United States Attorney in this district, objects to the motion to quash, asserting that if Anderson has shown, in his in camera affidavit, that an attorney-client privilege exists as to the information sought by the interrogatories, the privilege has been waived because the interrogatories are propounded by officers of the client corporations.

The parties appear to agree that although the Treaty does not explicitly recognize the attorney-client privilege in these circumstances, the privilege, if it exists and has not been waived, would bar Anderson's answers to at least some of the interrogatories.  "[T]he attorney-client privilege . . . is a privilege of a client to refuse to testify or to have his counsel testify as to confidential communications between the two made in connections with the rendering of legal representation."  In re Grand Jury Proceedings, 417 F.3d 18, 21 (1st Cir. 2005).  In the corporate context, "[t]he default assumption is that the attorney only represents the corporate entity, not the individuals within the corporate sphere, and it is the individuals' burden to dispel that presumption."  In re Grand Jury Subpoena, 274 F.3d 563, 571 (1st Cir. 2001).

The court has reviewed the materials submitted here.  Based on those materials, Anderson has had an attorney-client

relationship with New Age Utilities, S.A.; Digital Clone, S.L.; Digital Clone, S.A., and Digital Clone, Inc.  There is nothing in the record that suggests those corporate entities have waived the attorney-client privilege that would otherwise apply to their confidential communications with Anderson which occurred in connection with his representation of them.[1]  Actions by Artoun Ramian and Mehdi Kashani in their individual capacities do not implicate the corporations' privilege.  See In re Grand Jury Subpoena, 274 F.3d at 572.

To the extent the interrogatories ask for information about confidential communications between Anderson, as corporate counsel, and Ramian and Kashani, acting in their capacities as officers of the client corporations, those matters are protected by the attorney-client privilege.  Not all of the questions pertain to confidential matters, however.  Therefore, the subpoena is quashed only to the extent it requires answers that include privileged information.

---

[1] Although one set of interrogatories is propounded by a Spanish Procurator on behalf of New Age Utilities, S.A.; New Age Utilities, S.L.; and Digital Clone, S.L., it is far from clear that a Procurator's actions could be deemed to waive the privilege for the corporations.  In addition, Digital Clone, S.A. and Digital Clone Inc. are not included in the group represented by the Procurator.

Conclusion

For the foregoing reasons, the motion to quash the subpoena (document no. 1) is granted as to any interrogatories that seek privileged information and is otherwise denied. The motion for an in camera hearing (document no. 10) is denied because counsel was given an opportunity to present all necessary information in a supplemental brief with attachments.

The clerk of court will enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 14, 2006

cc:   Thomas J. Donovan, Esquire
      Donald A. Feith, Esquire
      Peter E. Papps, Esquire